IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY D. WASHINGTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-1051-O |
| | § | (Consolidated with No. 4:15-CV-131-O) |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Anthony D. Washington, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

In September 2007 in the 213th District Court of Tarrant County, Texas, Case No. 1045787D, Petitioner entered an open plea of guilty to one count of robbery, and the trial court assessed his punishment at twelve years' confinement. Adm. R., WR-77,882-01 writ, 53, ECF No. 13-12. Petitioner appealed his sentence, but the Second District Court of Appeals of Texas affirmed the trial's court judgment, and, on February 4, 2009, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.* docket sheet, ECF No. 13-2. Petitioner does not indicate that he sought a writ of certiorari. Pet. 3, ECF No. 1. On March 31, 2010, Petitioner filed a state-habeas application challenging his conviction and sentence on ineffective-assistance-of-counsel grounds, which was denied by the Texas Court of Criminal Appeals on September 5, 2012, without

a hearing or written order on the findings of the trial court.[1]  Adm. R., WR-77,882-01 writ, cover,

ECF No. 13-12.  This federal-habeas petition challenging his conviction and sentence was filed on

December 29, 2014.[2]  Pet. 10, ECF No. 1.  Petitioner raises four grounds for relief.  Pet. 6-7 &

Attach., ECF No. 1.  Respondent contends the petition is untimely under the federal one-year statute

of limitations in 28 U.S.C. § 2244(d)(1).  Resp't's Preliminary Answer 4-8, ECF No. 23.

## II.  LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-

year statute of limitations for filing a petition for federal habeas corpus by a person in state custody.

Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]A prisoner's pro se state-habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  However, Petitioner's state-habeas application does not state the date he placed the document in the prison mailing system.  Thus, the prison mailbox rule is not applied.

[2]Likewise, a prisoner's pro se federal-habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  In the petition, Petitioner asserts that the document was placed in the prison mailing system on January 4, 2015, however the petition was received and filed by the clerk of Court on December 29, 2014.  Pet. 10, ECF No. 1.  As such, the prison mailbox rule is not applied.  *See Dison v. Whitley,* 20 F.3d 185, 187 (5th Cir. 1994).

> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> > (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters related to the plea proceedings, thus Petitioner should have known of the basis of those claims at the time of trial.  Under subsection (A), applicable to such claims, the limitations period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review.  For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on May 5, 2009, triggering the one-year limitations period, which expired one year later on May 5, 2010.  *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.  Therefore, Petitioner's federal petition was due on or before May 5, 2010, absent any tolling.

Petitioner's state-habeas application operated to toll the limitations period under the statutory tolling provision for 890 days, making his federal petition due on or before October 11, 2012.[3]  28 U.S.C. § 2244(d)(2).  Therefore, Petitioner's federal petition, filed on December 29, 2014, was filed over two years too late, unless Petitioner is entitled to additional tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing

_____

[3]2012 was a leap year.

his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner blames his delay on difficulty obtaining records and transfers between prisons. These circumstances, however, are not "exceptional" such that equitable tolling is justified. Difficulty obtaining records and transfers between prisons are common problems for inmates seeking postconviction relief. Further, in an attempt to justify equitable tolling or trigger subsection (B) above, Petitioner asserts his delay was due to the misconduct of the prison law library supervisor and mailroom staff. Specifically, he asserts (all grammatical errors are in the original)–

> Because due to guard harassment in which they negligently misplaced my property, I had to wait to get all of my legal work from the courts & because also censorship & misplacement of my mail by Connally Unit mailroom kept me from filing my petition in time because all of my other 2254 petitions, in which were 8 petitions in all, that I had attempted to file in 2013–after the denial of my 11.07 writ in 2012 were negligently misplaced by the Connally Unit mailroom. I had received the decision of my 11.07 writ in August 2012 & in January 2013-August 2013, I had attempted to file 8 federal writs but they were lost by Connally Unit mailroom, now that I am on a new unit of assignment I am filing another federal writ. I was transferred here in August 2014.

Pet. 6, ECF No. 1.

However, Petitioner offers no evidence, aside from his own unsupported allegations, to demonstrate misconduct by prison staff or proof that he sought administrative remedies regarding any mishandling of his mail. Finally, Petitioner's lengthy delay in seeking postconviction habeas relief further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999).

In summary, Petitioner's federal petition was due on or before October 11, 2012. His petition filed on December 29, 2014, over two years later, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred.  Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.  Any pending motions not previously ruled upon are also **DENIED.**

**SO ORDERED** on this 29th day of December, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**